On the trial before NELSON, Circuit Justice, the defendant set up the defence of a want of novelty in the invention, and to support it introduced a witness, Hosea W. Holmes, who swore that in 1819, in Stonington, Connecticut, he assisted in constructing a water wheel embracing the principle of the patentee's invention; that it was constructed for a man who lived twelve miles distant from Stonington, and was carried away by him to be put into a mill; and that the witness never saw it afterwards.

In charging the jury, NELSON, Circuit Justice, remarked, that if the wheel spoken of by the witness, Holmes, was constructed before the plaintiff's wheel, and was a perfect wheel, and was taken away to be used, the evidence, if believed, was sufficient to establish the fact of a want of novelty in the plaintiff's wheel, although there was no evidence that the prior wheel was ever actually used.

The jury found a verdict for the defendant.

[For other cases involving this patent, see note to Parker v. Hatfield, Case No. 10,736.]

---

PARKER (FLOWER v.). See Case No. 4,-891.

---

## Case No. 10,734.
### PARKER v. HALLOCK.

There is no act of congress limiting the time in which a suit may be brought for an infringement of a patent-right.

[Cited in Law, Pat. Dig. 108, 469, to the point as stated above. Nowhere reported; opinion not now accessible. Decided by GRIER, Circuit Justice.]

---

## Case No. 10,735.
### PARKER v. HALLOCK.
[2 Fish. Pat. Cas. 543, note.] [1]

Circuit Court, Pennsylvania. 1857.[2]

PATENTS—INFRINGEMENT—LIMITATIONS.

Action [by Zebulon Parker against S. B. Hallock] for infringement of a patent right. In this case the defendant's counsel insisted that the plaintiff was barred by the statute of limitations: *Held*, that, as no act of congress had been passed to meet the case, and the law of Pennsylvania did not apply to it, there was no statute limiting the time in which a suit might be brought for an infringement of a patent right. The jury found for the plaintiff, assessing his damages at $68.

[Cited in Rich v. Ricketts, Case No. 11,762.]

Fisher and Sweitzer, for plaintiff.
Selden, for defendant.

[Before GRIER, Circuit Justice. Nowhere more fully reported; opinion not now accessible. Originally published in 2 Fish. Pat. Cas. 543, as a note to Collins v. Peebles, Case No. 3,-017.]

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]
[2] [District not given.]

---

## Case No. 10,736.
### PARKER v. HATFIELD.
[4 McLean, 61; [1] 1 Fish. Pat. Rep. 94; 42 Jour. Fr. Inst. 319.]

Circuit Court, D. Ohio.   July Term, 1845.

PATENTS—INFRINGEMENT—CONFLICTING EVIDENCE—TRIAL BY JURY—REFERENCE.

1. When the evidence on a bill to enjoin the defendant from infringing the plaintiff's patent, be conflicting, the court will direct an issue to be tried by a jury, or refer the matter to a master, to examine the machinery of the defendant, take additional testimony and report.

2. A reference being made, and a favorable report for the plaintiff on all the points controverted being made, an injunction was granted.

[2] [This was a suit in equity [by Zebulon Parker] to restrain the defendant [William Hatfield] from infringement of letters patent for "a new and useful improvement in the application of hydraulic power," viz. a percussion and reaction water wheel, granted to said Zebulon Parker and Austin Parker October 19, 1829. Austin Parker having deceased, the entire interest in the patent became, by assignment from Austin's administrators, vested in Zebulon Parker, the complainant. The invention of Zebulon Parker and Austin Parker, as secured by the said patent, is sufficiently described in the report of the master.

[The opening clause of the specification of this patent, together with the claims thereof, are as follows: "To All to Whom These Presents shall Come: Be it known that one Zebulon Parker and Austin Parker, of the county of Coshocton and state of Ohio, have invented a new and useful improvement in the application of hydraulic power by methods of combining percussion with the reaction, applied and exemplified in: (1) A compound vertical percussion and reaction water wheel for sawmills and other purposes, with the method of applying the water on the same. (2) An improved horizontal reaction water wheel, with the method of combining percussion with reaction on it. (3) A method of combining percussion with reaction on common reaction wheels, or those already in use." The claims were as follows, viz.: "(1) The compound vertical percussion and reaction wheel for said mills and other purposes, with two, four, six, or more wheels on one horizontal shaft; the concentric cylinder involving the shaft, with the manner of supporting them; the spouts which conduct the water into the wheels from the penstock, with their spiral terminations between the cylinders. (2) The improvement in the reaction wheel, by making the buckets as thin at both ends as they can safely be made, and the rim no wider than sufficient to cover them; the inner concentric cylinder; the spout that directs the water into the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]
[2] [From 1 Fish. Pat. Rep. 94.]